IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2243-01






JOHN THOMAS MITSCHKE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZOS COUNTY






 Keller, P.J., filed a concurring opinion in which WOMACK, HERVEY
and COCHRAN, JJ., joined.


CONCURRING OPINION 



 Appellate courts ought to use a two-step inquiry for determining whether a consequence is "direct"
or "collateral" for voluntariness purposes:

(1) Is the consequence punitive or remedial in nature? If the consequence is remedial, then
it is "collateral" and the inquiry ends. (1) If the consequence is punitive, then go to step two.


(2) Is the consequence definite and automatic? If the answer to that question is "yes," then
the consequence is "direct." If the answer is "no," then the consequence is "collateral."


Because sex offender registration is remedial, it is necessarily a collateral consequence, and there is no need
to determine whether it is definite and automatic. (2) Consequently, failure to give this information does not
render a guilty plea involuntary. With these comments, I concur in the Court's judgment.

 KELLER, Presiding Judge

Date filed: March 10, 2004

Publish

 
1. See Nollette v. State, 46 P.3d 87, 89-90 (Nev. 2002)("A majority of jurisdictions that have
considered the issue hold that sex offender registration is a collateral consequence of a guilty plea. 
Most of these holdings are based on the conclusion that registration requirements are not punitive, but
instead serve a regulatory or remedial purpose.")(citing cases and law review article); see also United
States v. Russell, 686 F.3d 35, 38 (D.C. Cir. 1982)(discussing and citing cases on whether
deportation is "punishment" in connection with determining whether it is a collateral consequence).
2. Rodriguez v. State, 93 S.W.3d 60 (Tex. Crim. App. 2002); Nollette, supra.